O

# United States District Court
# Central District of California

| | |
|---|---|
| AVANGUARD SURGERY CENTER, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTHCARE OF CALIFORNIA, INC., a California Corporation; CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation; and DOES 1 through 50, inclusive.<br><br>Defendants. | Case No.: 2:20-cv-03405-ODW (RAOx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I. INTRODUCTION

Defendant Cigna Health and Life Insurance Company ("Cigna") filed a Motion to Dismiss ("Mot.") on May 20, 2020. (Mot., ECF No. 13.) Plaintiff Avanguard Surgery Center, LLC ("Plaintiff") opposed on June 8, 2020. (Opp'n to Mot. ("Opp'n"), ECF No. 15.) Cigna replied on June 15, 2020. (Reply to Opp'n ("Reply"), ECF No. 16.) For the following reasons, the Court **GRANTS** the Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff is an outpatient surgery center and an out-of-network provider with respect to Cigna, an insurance company that administers health insurance policies. (Compl. ¶¶ 3, 7, 9, ECF No. 1-3.) Plaintiff claims that Cigna failed to sufficiently reimburse Plaintiff after it provided covered surgical services to forty-seven patients (the "Patients"). (Compl. ¶¶ 7–10.) Before providing a service, Plaintiff obtained authorization and a verification of benefits ("VOB") from Cigna "to ensure the patient was covered by Cigna" and to confirm "that the procedure was a covered benefit under" each patient's respective plan. (Compl. ¶ 12.) During the verification process, Cigna represented "that the plans or policies provided for and [that Cigna] would pay for the services provided to" Cigna's insureds under the applicable Evidence of Coverage ("EOC") or health care plan. (Compl. ¶ 13.)

After the Patients underwent surgery, Plaintiff submitted claims for payment to Cigna for reimbursement, but Cigna did not reimburse Plaintiff in accordance with each respective patient's EOC or health care plan. (Compl. ¶¶ 15–18.) While Plaintiff identifies no specific representation made by Cigna to Plaintiff, the Complaint avers that Cigna misrepresented "material facts" before and after treatment, "including, but not limited to" assurances that the services at issue "were covered benefits under their respective plans and policies, and that Defendants would pay for the treatments pursuant to the applicable EOC or Insurance Policy." (Compl. ¶¶ 59, 69, 79.) These misrepresentations were made in various calls and correspondence between Plaintiff and Cigna employees or agents. (Compl. ¶¶ 13, 60.)

Based on these allegations, Plaintiff sues Cigna for: (1) breach of oral contract; (2) breach of implied contract; (3) promissory estoppel; (4) open book account; (5) intentional misrepresentation; (6) negligent misrepresentation; (7) violations of Business and Professions Code § 17200 ("UCL"). (Compl. ¶¶ 30–95.) Cigna's Motion only addresses causes of action three through seven. (*See* Mot.)

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a statement of a claim for relief. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

To survive a Rule 12(b)(6) dismissal, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). While detailed factual allegations are not required, a complaint with "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "'naked assertion[s]' devoid of 'further factual enhancement'" would not suffice. *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citation omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted).

### B. Rule 9(b)

Fraud-based claims are subject to the heightened Rule 9(b) pleading standard. Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations "must set forth more than

the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Although conclusory allegations of the circumstances constituting the alleged fraud are insufficient, *see Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), a party is not required to plead with specificity the alleged wrongdoer's state of mind, *see Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

## IV. EXTRANEOUS MATERIALS

There are two instances in which courts may consider information outside of the complaint without converting a Rule 12(b)(6) motion into one for summary judgment: judicial notice and incorporation by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Judicial notice allows courts to consider a fact that is not subject to reasonable dispute because it is generally known within the territory or can be determined from sources of unquestionable accuracy. Fed. R. Evid. 201. Incorporation by reference allows a court to consider documents which are (1) referenced in the complaint, (2) central to the plaintiff's claim, and (3) of unquestioned authenticity by either party. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

In support of its Motion, Cigna submits March 13, 2020 correspondence from Plaintiff's counsel which enclosed information concerning the forty-seven patients at issue (the "Spreadsheet"). (*See* Decl. of Courtney C. Hill ("Hill Decl.") Ex. A, ECF No. 13-2.) The Spreadsheet contains claim data, patient names, member identification numbers, dates of service, diagnostic codes, CPT codes, charge amounts, and other information. (*Id.*) Cigna did not file a request for judicial notice, nor does it explain in its briefing how the Court could consider the Spreadsheet in connection with a Rule 12(b)(6) motion. However, Plaintiff's Complaint specifically refers to this

document (Compl. ¶ 14), and Plaintiff's Opposition admits that it is authentic and central to Plaintiff's claims. (Opp'n 9.) Accordingly, the Court may consider the Spreadsheet in deciding the Motion under the incorporation by reference doctrine. *Marder*, 450 F.3d at 448.

## V. DISCUSSION

Cigna challenges Plaintiff's promissory estoppel, fraud-based, and open book account claims under Rule 12(b)(6). (*See generally* Mot.) The Court addresses Cigna's arguments below.

### A. Promissory Estoppel

California law requires four elements to establish promissory estoppel: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Aceves v. U.S. Bank, N.A.,* 192 Cal. App. 4th 218, 225 (2011) (internal quotation marks omitted). An actionable promise must not only be "clear and unambiguous in its terms," but also cannot be based on preliminary discussions. *Garcia v. World Sav., FSB,* 183 Cal. App. 4th 1031, 1044 (2010) (citations omitted) (internal quotation marks omitted).

Plaintiff's promissory estoppel claim is premised on the allegation that Cigna "expressed a clear promise to pay" Plaintiff certain rates for surgical services when Cigna verified coverage, when it authorized treatment, and "in communications following admissions and the submission of claims." (Compl. ¶ 46.) In its Opposition, Plaintiff walks back its allegations, contending that it "does not allege that Cigna's VOB or prior authorization is the clear and unambiguous promise," but that "Cigna's promise to pay for the services per the terms of the EOC or Insurance Policy is the clear and unambiguous promise." (Opp'n 8.)

The parties therefore agree that neither Cigna's verification of coverage nor its authorization of treatment constitutes, on its own, the clear and unambiguous promise required to state a promissory estoppel claim. *Pac. Bay Recovery, Inc. v. Cal.*

*Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 215 n.6 (2017) (explaining that an insurer's representation that a patient was "insured, covered, and eligible for coverage . . . for the services to be rendered by" a health care provider under the patient's insurance policy was not a clear and unambiguous promise by the insurer to pay for the services). Notwithstanding this agreement, the parties dispute whether the Complaint sufficiently identifies a clear and unambiguous promise, independent of the authorization and verification processes, for Cigna to reimburse Plaintiff according to each patient's EOC or insurance policy. (Mot. 11–12; Opp'n 8.)

Plaintiff has alleged no actionable promise, as the Complaint relies exclusively on vague representations and does not identify a promise that Cigna would reimburse Plaintiff for the amounts Plaintiff seeks. *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.,* No. 17-CV-03871-LHK, 2017 WL 4517111, at *6 (N.D. Cal. Oct. 10, 2017) (dismissing promissory estoppel claim based on allegations "that when Plaintiff contacted Defendants, Defendants told Plaintiff that certain insurance policies issued by Defendants provided for reimbursement of treatment rendered at customary rates"); *Casa Bella Recovery Int'l, Inc. v. Humana Inc.*, No. SACV-17-01801 AG (JDEx), 2017 WL 6030260, at *4 (C.D. Cal. Nov. 27, 2017) (dismissing promissory estoppel claim because complaint did not sufficiently allege "when Plaintiff obtained authorization, for what types of service or how many patients, or how much Defendants agreed to pay when authorizing treatments"). Plaintiff's cited allegations do not establish otherwise. (Opp'n 9 (citing Compl. ¶¶ 13, 15, 17, 46).) Those deficient allegations merely parrot elements of promissory estoppel, state legal conclusions, and reference unspecified communications "including telephone calls requesting VOB" where Cigna allegedly represented that it "would pay for the services" under "the applicable EOC or Insurance Policy." (Compl. ¶¶ 13, 15, 17, 46.)

In fact, Plaintiff implicitly concedes that *Summit Estate* and *Casa Bella Recovery* support dismissal of its promissory estoppel claim with leave to amend so

1 that Plaintiff can bolster its vague allegations with additional factual content. (Opp'n 8.) The Court appreciates that Cigna's Motion addresses Plaintiff's first Complaint, filed in state court, and is mindful of the different pleading standards in state and federal courts. Moreover, it does not appear futile that Plaintiff's Complaint could be cured with additional facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

Thus, the Court **GRANTS** Cigna's Motion as to Plaintiff's promissory estoppel claim and **DISMISSES** Plaintiff's third claim **with leave to amend**.

## B. Fraud-Based Claims

Plaintiff's fifth claim is for intentional misrepresentation; its sixth claim is for negligent misrepresentation; and its seventh claim is for UCL violations. (Compl. ¶¶ 58–89.) Plaintiff's UCL claim incorporates the same allegations as its fraud-based claims and expressly accuses Cigna of fraud and misrepresentation. (Compl. ¶¶ 77–89.) Plaintiff's UCL claim is therefore subject to Rule 9(b) to the same extent as its other fraud-based claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (stating that Rule 9(b)'s heightened pleading standards apply to claims for violations of California's UCL where the claim "sounds in fraud") (citation omitted).

To state an intentional misrepresentation claim, a plaintiff must plead seven elements with particularity: (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for the truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the representation was a substantial factor in causing that harm to the plaintiff. *Manderville v. PCG & S Group, Inc.,* 146 Cal. App. 4th 1486, 1498 (2007). "The

1 elements of negligent misrepresentation are the same except for the second element, 2 which for negligent misrepresentation is the defendant made the representation 3 without reasonable ground for believing it to be true." *Badame v. J.P. Morgan Chase* 4 *Bank, N.A.*, 641 F. App'x 707, 710 (9th Cir. 2016). And California's UCL prohibits 5 "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, 6 untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

7 Plaintiff's claims for intentional misrepresentation, negligent misrepresentation, 8 and UCL violations are subject to Rule 9(b), which requires Plaintiff to "state with 9 particularity the circumstances constituting fraud," meaning that the "pleading must 10 identify 'the who, what, when, where, and how of the misconduct charged.'" *United* 11 *States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 12 2011) (citation omitted). To satisfy Rule 9(b), a plaintiff must allege the "time, place, 13 and specific content of the false representations as well as the identities of the parties 14 to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). 15 "Where fraud has allegedly been perpetrated by a corporation, plaintiff must allege the 16 names of the employees or agents who purportedly made the fraudulent 17 representations or omissions, or at a minimum identify them by their titles and/or job 18 responsibilities." *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1057–19 58 (C.D. Cal. 2015) (citing *U.S. ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 20 1048, 1051 (9th Cir. 2001) (holding that Rule 9(b) was not satisfied because, *inter* 21 *alia,* plaintiff did not "identify the [defendant's] employees who performed the tests, 22 or provide any dates, times, or places the tests were conducted").)

23 Just as Plaintiff has failed to sufficiently allege a "clear and unambiguous 24 promise," Plaintiff does not plead with specificity the "who what, when, where, and 25 how" of any fraud allegedly perpetrated by Cigna. Plaintiff's negligent 26 misrepresentation, intentional fraud, and UCL claims each ambiguously reference 27 misrepresentation of "material facts . . . including, but not limited to, that the surgical 28 services . . . were covered benefits under their respective plans and policies, and that

Defendants would pay for the treatments pursuant to the applicable EOC or Insurance Policy." (Compl. ¶¶ 59, 69, 79.) All three claims also incorporate the Complaint and recite legal elements, but they lack dates, identities, or the content of any alleged misrepresentation with particularity. (Compl. ¶¶ 58–89.) Many of Plaintiff's allegations in support of claims five through seven are asserted upon Plaintiff's information and belief, and all of Plaintiff's fraud accusations consist of nothing more than bare allegations concerning unidentified representations made by unknown individuals at unknown times. (Compl. ¶¶ 58–89.) These claims as currently pled therefore fall far short of offering sufficient factual content to survive Rule 9(b), depriving Cigna of the ability to meaningfully respond. *Griffin,* 166 F. Supp. 3d at 1058 (dismissing fraud claim with leave to amend due to failure to identify when communications took place, the content of said communications, and the identity of the speaker). Again, however, leave to amend is appropriate because it is not clear that amendment would be futile.

Accordingly, the Court **GRANTS** Cigna's Motion to Dismiss Plaintiff's claims for negligent misrepresentation, intentional misrepresentation, and UCL violations and **DISMISSES** Plaintiff's fifth, sixth, and seventh claims **with leave to amend.**

C.   **Open Book Account**

A book account is "a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner." Cal. Civ. Proc. Code § 337a. Importantly, "[a] book account is created by the agreement or conduct of the parties in a commercial transaction." *H. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp.*, 99 Cal. App. 3d 711, 728 (1979). If there is "no evidence of an agreement" between the parties to form a book account, and if the parties' conduct does not "show

that they intended or expected such an account would be created," then "there is insufficient evidence to support the finding of an open book account." *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 752 (1987). To state a claim for open book account, a plaintiff must show:

> [T]he parties intend that the individual items of the account shall not be considered independently, but as a connected series of transactions, and that the account shall be kept open and subject to a shifting balance as additional related entries of debits and credits are made, until it shall suit the convenience of either party to settle and close the account, and where, pursuant to the original express or implied intention, there is but one single and indivisible liability arising from such series of related and reciprocal debits and credits.

*R.N.C., Inc. v. Tsegeletos*, 231 Cal. App. 3d 967, 972 (1991).

Cigna argues that Plaintiff has not stated a claim for open book account because Cigna did not agree to be bound by a book account and because the transactions involved forty-seven different patients with varying care and therefore constitute unrelated dealings that cannot be deemed a book account. (Mot. 13–15.) Plaintiff responds that Cigna's agreement to be bound by a book account is evidenced by its conduct, not an express contract, and that the health care claims at issue are "a connected series of transactions." (Opp'n 10–12.) But a review of Plaintiff's Complaint reveals that its open book account claim improperly recasts its generally alleged right to payment instead of identifying an independent legal duty for Cigna to reimburse Plaintiff. *David M. Lewis, D.M.D. v. William Michael Stemler, Inc.*, No. S-13-0574 KJM, 2013 WL 5373527, at *5 (E.D. Cal. Sept. 25, 2013) (dismissing open book account claim based on allegation "that plaintiffs have kept accounts of the debits and credits involved in these [out-of-network] transactions" because it restated "plaintiffs' general allegation that they have not been reimbursed for services they provided to plan members as an out-of-network provider").

Indeed, the Complaint ambiguously avers that Cigna "became indebted to" Plaintiff for the surgical services rendered, and that Cigna must therefore compensate

Plaintiff in accordance with "the applicable EOC or Insurance Policy." (Compl. ¶¶ 53–55.) Plaintiff then notes that it "has maintained an accounting of the amounts owed" but that Cigna has not paid those amounts despite demand. (Compl. ¶¶ 56–57.) Not only do these allegations unduly replicate Plaintiff's other claims, they do not even mention Cigna's conduct as a basis for Plaintiff's open book account claim, let alone demonstrate that Cigna's conduct somehow committed it to a book account. (Compl. ¶¶ 53–57.) Nor does passing reference to the Spreadsheet save Plaintiff's open book claim, as the Spreadsheet merely documents Plaintiff's internal accounting and payment expectations—it does not create an inference that Cigna's conduct amounted to assent to a book account. *Maggio, Inc.*, 196 Cal. App. 3d at 752 ("[M]ere incidental keeping of accounts does not alone create a book account."). Because Plaintiff's open book account claim improperly replicates its other claims and provides no allegations to show Cigna agreed to be bound by a book account, it must be dismissed. As it is unclear whether additional facts could cure the Complaint's deficiencies, leave to amend is appropriate.

Thus, the Court **GRANTS** Cigna's Motion to Dismiss Plaintiff's open book account claim and **DISMISSES** Cigna's fourth claim **with leave to amend.**

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Cigna's Motion and **DISMISSES** Plaintiff's third through seventh causes of action **with leave to amend**. Plaintiff may file a First Amended Complaint curing the deficiencies identified in this Order within fourteen (14) days of this Order. If Plaintiff does not so file a First Amended Complaint, Cigna shall answer within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

August 28, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**